UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| KRISTYN INGRAM, § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | EP-24-CV-378-KC |
| STATE OF TEXAS – TEXAS TECH § | |
| UNIVERSITY HEALTH SCIENCES § | |
| CENTER AT EL PASO, § | |
| § | |
| *Defendant.* § | |

## ORDER REQUIRING ADDITIONAL BRIEFING[1]

Plaintiff Kristyn Ingram brings this employment discrimination action against Defendant State of Texas – Texas Tech University Health Sciences Center at El Paso, asserting claims for sex discrimination, sexual harassment, and retaliation.

Before the Court is Defendant's "Expedited Motion to Compel" (ECF No. 22) ("Motion"), in which it seeks an order that (1) overrules Plaintiff's written objections to its interrogatories and requests for production; (2) compels her to fully respond to its interrogatories and to produce all records responsive to its requests for production; and (3) requires her to pay for Defendant's reasonable expenses incurred in filing the Motion. The Honorable District Judge Kathleen Cardone referred Defendant's Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for resolution.

In their briefing, before addressing the Motion's merits, the parties dispute whether the meet-and-confer requirement in W.D. Tex. Loc. R. CV-7(g)[2] was met before Defendant could

---

[1] *See* Local Rule, App. C, Rule 1(d)(2) (W.D. Tex.) ("A magistrate judge may determine any preliminary matters . . . arising in the exercise of the authority conferred by this subsection[.]"

[2] Local Rule CV-7(g) states that the Court

request court intervention through its Motion.  On the one hand, Defendant argues that Plaintiff never responded to its letter seeking to meet and confer on her objections to its discovery requests. Mot. at 4, ECF No. 22.  On the other hand, Plaintiff argues that Defendant's letter provided her only four days to respond and confer before filing its Motion.  Resp. in Opp'n at 1–2, ECF No. 23.

Yet the parties do agree on one thing: they have not met and conferred on their discovery disputes.[3]  Thus, the Court will order the parties to meet and confer in good faith on each of their discovery disputes before it may address the merits of Defendant's Motion.

The Court also orders the parties to file a Joint Statement in which they both must certify that they met and conferred in good faith and include the following.  In the Joint Statement, the parties must state the date, manner (e.g., in person, on telephone, or via a video call session such as Zoom), and duration of their meeting.  Further, in the Joint Statement, **separately for each interrogatory and request for production**, the parties must address any unresolved discovery disputes that remain after their meet and confer session in the form and manner provided below:

---

may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement and certifies the specific reason that no agreement could be made.

W.D. Tex. Loc. R. CV-7(g); *see also* Fed. R. Civ. P. 37(a)(1).  Simply put, the rule requires the parties to meet and confer in good faith to resolve the dispute without court intervention before they file a non-dispositive motion, such as one on discovery matters.  *See* 12 Charles Wright & Arthur Miller, *Fed. Practice & Procedure* § 3068.2 (4th ed.) (Motions on discovery matters are generally non-dispositive.); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation.").

[3] *Compare* Mot. at 4 ("As of the time of filing this motion, Ingram's counsel has yet to respond to that letter in any way—whether that be in the form of an email setting a time to discuss Ingram's responses or a timeline for her production . . . , amended responses, the production of responsive records, or even a phone call."), *with* Resp. in Opp'n at 2 ("Defendant contacted Plaintiff via email and provided only 4 days to confer before threatening a motion to compel. While Plaintiff admittedly did not respond timely to Defendant's email, Plaintiff is happy to confer on any discovery issues raised by Defendant.").

**[Discovery Request] No. [#]:**
Copy verbatim text of the Movant's discovery request.

**Response:** Copy verbatim text of Non-Movant's response to the discovery request.

Movant's Statement of Relevance:
Movant must specifically articulate why the request is relevant to its claims or defenses.[4]

Non-Movant's Arguments on Objections:
Non-Movant must specifically argue each objection raised in its response to the request.[5]

Movant's Proposed Modification to Resolve Objections:
Movant must propose a reasonable modification, if feasible, of the discovery request to resolve Non-Movant's objections.  Movant's proposed modification or adjustment, such as narrowing the scope of the request, should aim to accommodate Non-Movant's concerns while still addressing its own need for the discovery request. Movant need not include anything in this section **IF** Non-Movant did not object to the request.

Non-Movant's Ability to Respond or Produce:
Non-Movant must specify the extent to which it can comply with the request, either fully or in part, in a manner that addresses Movant's relevance and need.  If Non-Movant is withholding or limiting production, it must identify what can be reasonably produced and whether any modifications would allow for full compliance.  If applicable, Non-Movant must also indicate whether it is willing to produce the requested information subject to a protective order or other conditions.  If Non-Movant has already produced responsive discovery, Non-Movant must specifically identify which documents (either through Bates-numbering or any other document-numbering system used) and in which production (date and/or number) are those responsive to the request.

Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?
Both parties must *__jointly__* (that is, agree on the language to be included in this section) explain why the dispute was not resolved during the meet-and-confer process. This section must detail the remaining points of disagreement, the extent of the dispute, and efforts made by both parties to resolve it.

When addressing each unresolved discovery dispute in the form and manner above, the parties should consider (and are highly encouraged) to cite on-point legal authority that supports their arguments.  **NO SEPARATE STATEMENTS WILL BE ACCEPTED.**

---

[4] *El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-00097-KC, 2024 WL 4806498, at *3 (W.D. Tex. Nov. 15, 2024).

[5] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

Thus, the Court **ORDERS** Plaintiff Kristyn Ingram and Defendant State of Texas – Texas Tech University Health Sciences Center at El Paso to **MEET AND CONFER IN GOOD FAITH** to resolve the discovery disputes raised in Defendant's "Expedited Motion to Compel" (ECF No. 22) **no later than April 15, 2025.**

The Court **FURTHER ORDERS** Plaintiff Kristyn Ingram and Defendant State of Texas – Texas Tech University Health Sciences Center at El Paso **TO FILE A JOINT STATEMENT, on or before April 29, 2025**, that meets all the requirements mentioned elsewhere in this Order. If the parties, however, resolve all their discovery disputes before April 29, 2025, they need only file a joint notice informing the Court of the same.

**THE COURT WARNS THE PARTIES THAT FAILURE TO COMPLY WITH THIS ORDER AND REPEATED FAILURE TO COMPLY WITH THE COURT'S LOCAL RULES MAY RESULT IN SANCTIONS.**

So ORDERED and SIGNED this <u>25th</u> day of March 2025.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**