IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KRISTYN INGRAM, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No. 3:24-CV-00378-KC |
| | § | |
| STATE OF TEXAS - TEXAS TECH | § | |
| UNIVERSITY HEALTH SCIENCES | § | |
| CENTER AT EL PASO, | § | |
| | § | |
| *Defendant.* | § | |

---

**PARTIES' JOINT STATEMENT OF MEETING AND CONFERRAL
REGARDING DEFENDANT'S MOTION TO COMPEL**

---

The Parties in the above-styled action file this Joint Statement pursuant to the Court's Order Requiring Additional Briefing. ECF No. 25. Said Order instructed the Parties to: (1) meaningfully meet and confer regarding the discovery disputes at issue in Defendant's Motion to Compel (ECF No. 22); and (2) submit a Joint Statement, using the format provided in the Order, outlining the results of the Parties' meeting and conferral as to each of Plaintiff's discovery responses in dispute in Defendant's Motion to Compel. Accordingly, the Parties offer as follows:

I.    **RESOLVED REQUESTS**

Following review of the information produced by Plaintiff so far, and her agreements as outlined below as to Request for Production Nos. 11–38, 45–46, and 48, as well as Interrogatory Nos. 1, 9, and 17, Defendant withdraws its request to compel information responsive to the following requests: Interrogatory 14 and Request for Production 39–41, 47, and 50.

After conferring, the parties resolved the dispute regarding the following discovery requests:

**Request for Production Nos. 11–38:** Defendant is limiting these requests to the following topics: all records/communications regarding the incidents Plaintiff alleges constitute

discrimination, retaliation, and/or sexual harassment, her internal complaints, any complaints or disparaging remarks made about Drs. Lange, Orlandi, or Aung, records/communications relating to the contract non-renewal and Plaintiff's appeal from January 1, 2020 to the present. In consideration of this limitation, Plaintiff agreed to remove her objections.

**Request for Production Nos. 45–46:** Defendant is limiting its request to mental health records for treatment that Plaintiff claims is caused by or related to the allegations in this lawsuit, and Plaintiff is accordingly removing any objections and amending her production as appropriate based on this limitation.

**Request for Production No. 48:** Plaintiff is removing any objections and amending her production as appropriate.

**Interrogatory 1**: Plaintiff is removing any objections and amending her answer as appropriate.

**Interrogatory 9:** Defendant is limiting its interrogatory to entities following August 31, 2023, and Plaintiff is accordingly removing any objections and amending her answer as appropriate based on this limitation.

**Interrogatory 17:** Defendant is limiting its interrogatory to "every position you have applied for since August 30, 2023", and Plaintiff is accordingly removing any objections and amending her answer as appropriate based on this limitation.

## II.    UNRESOLVED REQUESTS

**Request for Production No. 1:**

Produce a copy of your current resume and/or curriculum vitae.

**Response:** See production.

Movant's Statement of Relevance:

Defendant seeks a copy of Plaintiff's current resume. Plaintiff does not dispute the relevance of the information sought though this request or otherwise object to it.

Plaintiff produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this request. Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific request. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co., No. 3:16-CV-1202-B-BK,* 2017 WL 7596913 *5 (N.D. Tex. May 15, 2017) (ordering party to "amend its responses to the relevant RFPs, such that each referenced Bates range is tailored to specific documents responsive to that particular request."); *Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta,* No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (ordering party to produce responsive documents "or list the specific bates ranges of previously-produced documents that are responsive to each specific request…"); *Philips N. Am. LLC v. Image Tech. Consulting, LLC,* No. 3:22-CV-0147-B, 2024 WL 3225960 *4 (N.D. Tex. June 20, 2024); *FinServ Cas. Corp. v. Settlement Funding, LLC,* No. CV H-10-264, 2014 WL 12857415 *2-3 (S.D. Tex. Oct. 28, 2014); *Kelly v. Rembach,* No. CV H-15-2563, 2018 WL 4333999 *1 (S.D. Tex. May 18, 2018); *Moore v. Ford Motor Co.,* No. 2:07-CV-309, 2008 WL 11441680 *2 (E.D. Tex. May 9, 2008) (ordering defendant "to provide the plaintiffs with the corresponding bates ranges for all documents that are responsive to the listed RFPs including any previously produced documents."); *see also* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*) (emphasis added).

<u>Non-Movant's Arguments on Objections:</u>

Plaintiff fully responded to this Request without objection, and produced any and all responsive documents. Although Defendant's Motion alleges that "there is no production", Plaintiff sent Plaintiff's production responsive to this Request to Defendant, via email, on April 29, 2025. Defendant's motion to compel production of the referenced documents is therefore moot because Plaintiff produced any and all responsive documents. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,* 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."). The responsive documents are easily identifiable by name, and are specifically Bates numbers Ingram 001225 - Ingram 001229. Plaintiff has no additional documents to produce.

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Request, and Plaintiff fully responded to the Request.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues Plaintiff must provide a more specific identification of responsive records. Plaintiff indicates responsive Bates numbers for the first time in her arguments above, but has

not shown a willingness to amend her response to Defendant's Request for Production accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Request.

### **Request for Production No. 4:**

Produce all documents identified by you in response to Defendant's interrogatories, or referred to or examined by you in preparing your responses to Defendant's interrogatories.

**Response:** See production.

Movant's Statement of Relevance:

Defendant seeks all documents Plaintiff examined in preparing her answers to Defendant's interrogatories. This is relevant because Plaintiff's consultation of a document to prepare an answer to one of Defendant's interrogatories—even if she did not otherwise produce that document—shows that the record is relevant. Plaintiff does not dispute the relevance of the information sought though this request or otherwise object to it.

Plaintiff produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this request. Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific request. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co., No. 3:16-CV-1202-B-BK,* 2017 WL 7596913 *5 (N.D. Tex. May 15, 2017) (ordering party to "amend its responses to the relevant RFPs, such that each referenced Bates range is tailored to specific documents responsive to that particular request."); *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (ordering party to produce responsive documents "or list the specific bates ranges of previously-produced documents that are responsive to each specific request…"); *Philips N. Am. LLC v. Image Tech. Consulting, LLC*, No. 3:22-CV-0147-B, 2024 WL 3225960 *4 (N.D. Tex. June 20, 2024); *FinServ Cas. Corp. v. Settlement Funding, LLC*, No. CV H-10-264, 2014 WL 12857415 *2-3 (S.D. Tex. Oct. 28, 2014); *Kelly v. Rembach*, No. CV H-15-2563, 2018 WL 4333999 *1 (S.D. Tex. May 18, 2018); *Moore v. Ford Motor Co.*, No. 2:07-CV-309, 2008 WL 11441680 *2 (E.D. Tex. May 9, 2008) (ordering defendant "to provide the plaintiffs with the corresponding bates ranges for all documents that are responsive to the listed RFPs including any previously produced documents."); *see also* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*) (emphasis added).

Non-Movant's Arguments on Objections:

Plaintiff fully responded to this Request without objection, and produced any and all responsive documents. Although Defendant's Motion alleges that "there is no production", Plaintiff sent Plaintiff's production to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel production of the referenced documents is therefore moot because Plaintiff produced any and all responsive documents. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to

the motion agrees to provide the discovery requested, a motion to compel becomes moot."). Defendant's interrogatories to plaintiff overlap with many of Defendant's Requests for Production to Plaintiff. Plaintiff produced all applicable documents as Bates numbers Ingram 000001 - Ingram 001224.

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's above-discussed objection, because Defendant does not propose any modifications to this Request to resolve the objections, and Plaintiff fully responded to the Request.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues Plaintiff must provide a more specific identification of responsive records. Plaintiff indicates responsive Bates numbers for the first time in her arguments above (broadly referring to 1224 pages of records), but has not shown a willingness to amend her response to Defendant's Request for Production accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Request.

**Request for Production No. 5:**

Produce all documents or tangible things you intend to offer as a trial exhibit.

**Response:** Objection. Attorney work product.

<u>Movant's Statement of Relevance:</u>

This request seeks relevant discovery because the documents or tangible things Plaintiff intends to offer as a trial exhibit are necessarily things that she or her counsel believes are relevant to support her claims and/or to rebut Defendant's defenses. Insofar as Plaintiff's counsel has *created* one of the records responsive to this request, then she may have an argument under the attorney work product doctrine, but this doctrine plainly does not apply to documents that her counsel did not create but merely identified as important in this lawsuit.

While it is true that the work-product doctrine "insulates a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements from an opposing counsel's inquiries," *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991), it "protects <u>*only*</u> the [attorney's work product] <u>*and not the underlying facts*</u>." *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1240 (5th Cir. 1982).

Here, Plaintiff improperly seeks to protect from disclosure all documents that comprise those underlying facts merely because her counsel's identification of such documents shows what he thinks is important. Plaintiff's position does not reflect the law, and would permit trial by

ambush even after she objected to discovery requests seeking the very information she may later wish to submit to a jury. *See Shelak v. White Motor Co.*, 581 F.2d 1155 (5th Ci. 1978) (explaining that the federal discovery rules are, by design, calculated to prevent "trial by ambush").

<u>Non-Movant's Arguments on Objections:</u>

Federal authority prohibits discovery requests seeking attorney work product. *Jolivet v. Compass Group USA, Inc.*, 340 F.R.D. 7, 17 (N.D. Tex. 2021) ("As a threshold matter, the issue of whether documents are exempt from discovery under the attorney work product doctrine is governed by federal law."). The work product doctrine is broad and encompasses "materials prepared by an attorney acting for his client in anticipation of litigation", *In re Grand Jury Proceedings*, 601 F.2d 162, 171 (5th Cir. 1979), including "a lawyer's research, analysis of legal theories, mental impressions, notes, and memoranda of witnesses' statements", *Dunn v. State Farm Fire & Cas. Co.*, 927 F.2d 869, 875 (5th Cir. 1991). *See also Homeland Ins. Co. of New York v. Clinical Pathology Labs., Inc.*, 643 F. Supp. 3d 675, 681 (W.D. Tex. 2022) (same).

Any document Plaintiff intends, at this time, to offer as a trial exhibit has already been produced in discovery. But identifying which of the documents in discovery production Plaintiff intends to use as a trial exhibit constitutes a request which would reveal the "analysis of legal theories" and "mental impressions" of Plaintiff's counsel. This is especially true because, as the case proceeds, Plaintiff's counsel may decide to no longer offer a particular document as a trial exhibit, and instead offer, as an exhibit, another document from the discovery production. This shifting trial strategy, which occurs frequently during trial, would have to be disclosed in supplemental or amended responses to this request because Plaintiff has a continuing duty to amend discovery responses. Fed. R. Civ. P. 26(e). This would necessarily reveal the trial strategy, "analysis of legal theories", and "mental impressions" of Plaintiff's counsel. Defendant may not request Plaintiff identify this information because federal law prohibits the request. *Jolivet*, 340 F.R.D. at 17; *In re Grand Jury Proceedings*, 601 F.2d at 171; *Dunn*, 927 F.2d at 875; *Homeland Ins. Co. of New York*, 643 F. Supp. 3d at 681.

<u>Movant's Proposed Modification to Resolve Objections:</u>

Defendant does not believe that this request needs to be limited, or that it could be without also eliminating the information it seeks to discovery. Defendant is not seeking documents and/or tangible things specifically created by Plaintiff's counsel—such as illustrative diagrams and the like. Defendant is seeking existing documents and tangible things that are not products of Plaintiff counsel's work-product—to that extent, Plaintiff's objection is inappropriate. Defendant is willing to modify this request to clearly carve-out and except such items which are direct products of Plaintiff counsel's creation. But otherwise, Plaintiff's objection is inappropriate. And more importantly, it is Plaintiff's duty to produce non-privileged responsive documents—and instead she merely asserts a boilerplate objection implying every single responsive document is privileged, which is obviously not the case.

<u>Non-Movant's Ability to Respond or Produce:</u>

Defendant's proposed modification to exclude any documents Plaintiff's counsel prepared is insufficient because the modified request would still reveal the "analysis of legal theories" and

"mental impressions" of Plaintiff's counsel. Any document Plaintiff intends, at this time, to offer as a trial exhibit has already been produced in discovery. But specifically identifying which documents from the discovery production Plaintiff intends to introduce at trial will reveal the "analysis of legal theories" and "mental impressions" of Plaintiff's counsel. And Defendant may not request Plaintiff identify this information because federal law prohibits the request. *Jolivet*, 340 F.R.D. at 17; *In re Grand Jury Proceedings*, 601 F.2d at 171; *Dunn*, 927 F.2d at 875; *Homeland Ins. Co. of New York*, 643 F. Supp. 3d at 681.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Plaintiff is unwilling to lift her objection because she believes that disclosing this information reveals her counsel's "analysis of legal theories" and "mental impressions".

**Request for Production No. 6:**

Produce all statements (oral or written), audio recordings, or transcripts made of Defendant, or its employees and representatives, which you have in your possession, custody, or control.

**Response:** Objection: This request is vague and grossly overbroad because it is patently defective due to being unlimited in scope, subject and in time.

<u>Movant's Statement of Relevance:</u>

Defendant seeks all audio and video recordings, as well as transcripts of recordings, that Plaintiff made of any of Defendant's employees. This is relevant because Plaintiff created a number of recordings of Defendant's employees during her employment, producing several already.

Plaintiff claims this request is vague and grossly overbroad, unlimited in scope, subject and time, but in conferring on Defendant's discovery requests Plaintiff's counsel refused to identify which terms were allegedly vague, or to offer a reasonable construction of those terms. Nor would Plaintiff's counsel identify how the request was overbroad.

But to the extent Ingram maintains that any of these requests are vague, she must, "to comply with the Federal Rules . . . explain [her] understanding of the allegedly vague and ambiguous terms or phrases." *Heller v. City of Dallas*, 303 F.R.D. 466, 488 (N.D. Tex. 2014) (citation omitted). And to the extent she contends that a request is overbroad, she "must, to comply with Rule 33 or Rule 34, explain the extent to which it is overbroad and answer or respond to the extent that it is not—and explain the scope of what the responding party is answering or responding to." *Id.* (citation omitted).

<u>Non-Movant's Arguments on Objections:</u>

The Request is vastly overbroad on its face because "all statements…made of Defendant, or its employees and representatives" encompasses any and all business records, emails, or phone logs made by any of Defendant's numerous employees, at any time, to any person, for any reason. A voluminous amount of data -- including virtually every document Defendant has ever produced as part of its business operations -- would presumably be responsive to this

Request, but could have no bearing on the case because, under Rule 26, discovery requests are considered relevant only "if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001), internal quotation mark omitted). While this is a broad standard, "Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quoting *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010)). And that is precisely what this request is, a "speculative fishing expedition", because the vast majority of the voluminous responses to this Request are not relevant to Plaintiff's claims or Defendant's defenses.

<u>Movant's Proposed Modification to Resolve Objections:</u>

Defendant offers to limit the request to the period beginning January 1, 2020 through the present. Defendant also offers to limit the topics covered to recordings relating to the allegations in the Complaint.

<u>Non-Movant's Ability to Respond or Produce:</u>

Defendant is not clear by what Defendant requests by "topics ... relating to the allegations in the Complaint" because the topics in the Complaint broadly cover any aspect of Defendant employing Plaintiff. But Plaintiff has already produced, on March 17, 2025, all recordings of Defendant's employees in Plaintiff's possession as Bates numbers Ingram 001212 - Ingram 001224. Plaintiff has no additional recordings to produce.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues Plaintiff should discuss possible limitations to this request. Plaintiff argues that Plaintiff has already produced, on March 17, 2025, all recordings of Defendant's employees in Plaintiff's possession as Bates numbers Ingram 001212 - Ingram 001224, and has no additional recordings to produce regardless of any proposed limitation.

Defendant also states that prior to April 29, Plaintiff's counsel had not confirmed whether any additional recordings existed, and has not revised her response to Defendant's Request for Production accordingly.

**<u>Request for Production No. 7:</u>**

Produce all audio or video recordings you made related to any allegation in this lawsuit.

**Response:** See production.

<u>Movant's Statement of Relevance:</u>

Defendant seeks all audio and video recordings that Plaintiff made of any of Defendant's employees. This is relevant because Plaintiff created a number of recordings of Defendant's employees during her employment, producing several already. Plaintiff does not dispute the relevance of the information sought though this request or otherwise object to it.

Plaintiff produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this request. Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific request. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co., No. 3:16-CV-1202-B-BK,* 2017 WL 7596913 *5 (N.D. Tex. May 15, 2017) (ordering party to "amend its responses to the relevant RFPs, such that each referenced Bates range is tailored to specific documents responsive to that particular request."); *Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta,* No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (ordering party to produce responsive documents "or list the specific bates ranges of previously-produced documents that are responsive to each specific request…"); *Philips N. Am. LLC v. Image Tech. Consulting, LLC,* No. 3:22-CV-0147-B, 2024 WL 3225960 *4 (N.D. Tex. June 20, 2024); *FinServ Cas. Corp. v. Settlement Funding, LLC,* No. CV H-10-264, 2014 WL 12857415 *2-3 (S.D. Tex. Oct. 28, 2014); *Kelly v. Rembach,* No. CV H-15-2563, 2018 WL 4333999 *1 (S.D. Tex. May 18, 2018); *Moore v. Ford Motor Co.,* No. 2:07-CV-309, 2008 WL 11441680 *2 (E.D. Tex. May 9, 2008) (ordering defendant "to provide the plaintiffs with the corresponding bates ranges for all documents that are responsive to the listed RFPs including any previously produced documents."); *see also* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*) (emphasis added).

<u>Non-Movant's Arguments on Objections:</u>

Plaintiff fully responded to this Request without objection, and produced any and all responsive documents. Although Defendant's Motion alleges that "there is no production", Plaintiff sent Plaintiff's production to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel production of the referenced documents is therefore moot because Plaintiff produced any and all responsive documents. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,* 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."). The responsive documents are easily identifiable as audio or video files (.m4a, .wav, and .mp3), and are specifically Bates numbers Ingram 001212 - Ingram 001224. Plaintiff has no additional documents to produce.

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Request, and Plaintiff fully responded to the Request.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues Plaintiff must provide a more specific identification of responsive records. Plaintiff indicates responsive Bates numbers for the first time in her arguments above, but has

not shown a willingness to amend her response to Defendant's Request for Production accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Request.

**Request for Production No. 8:**

Produce all audio or video recordings you have made of any employee of Defendant.

**Response:** See production.

Movant's Statement of Relevance:

Defendant seeks all audio and video recordings that Plaintiff made of any of Defendant's employees. This is relevant because Plaintiff created a number of recordings of Defendant's employees during her employment, producing several already. Plaintiff does not dispute the relevance of the information sought though this request or otherwise object to it.

Plaintiff produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this request. Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific request. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co., No. 3:16-CV-1202-B-BK,* 2017 WL 7596913 *5 (N.D. Tex. May 15, 2017) (ordering party to "amend its responses to the relevant RFPs, such that each referenced Bates range is tailored to specific documents responsive to that particular request."); *Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta,* No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (ordering party to produce responsive documents "or list the specific bates ranges of previously-produced documents that are responsive to each specific request…"); *Philips N. Am. LLC v. Image Tech. Consulting, LLC,* No. 3:22-CV-0147-B, 2024 WL 3225960 *4 (N.D. Tex. June 20, 2024); *FinServ Cas. Corp. v. Settlement Funding, LLC,* No. CV H-10-264, 2014 WL 12857415 *2-3 (S.D. Tex. Oct. 28, 2014); *Kelly v. Rembach,* No. CV H-15-2563, 2018 WL 4333999 *1 (S.D. Tex. May 18, 2018); *Moore v. Ford Motor Co.,* No. 2:07-CV-309, 2008 WL 11441680 *2 (E.D. Tex. May 9, 2008) (ordering defendant "to provide the plaintiffs with the corresponding bates ranges for all documents that are responsive to the listed RFPs including any previously produced documents."); *see also* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request)* (emphasis added).

Non-Movant's Arguments on Objections:

Plaintiff fully responded to this Request without objection, and produced any and all responsive documents. Although Defendant's Motion alleges that "there is no production", Plaintiff sent Plaintiff's production to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel production of the referenced documents is therefore moot because Plaintiff produced any and all responsive documents. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,* 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."). The responsive documents are easily identifiable as audio or video files (.m4a, .wav, and .mp3),

and are specifically Bates numbers Ingram 001212 - Ingram 001224. Plaintiff has no additional documents to produce.

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Request, and Plaintiff fully responded to the Request.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues Plaintiff must provide a more specific identification of responsive records. Plaintiff indicates responsive Bates numbers for the first time in her arguments above, but has not shown a willingness to amend her response to Defendant's Request for Production accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Request.

**<u>Request for Production No. 10:</u>**

Produce all documents that were sent to or received from the Equal Employment Opportunity Commission (EEOC) or the Texas Workforce Commission (TWC).

**Response:** See production.

<u>Movant's Statement of Relevance:</u>

Defendant seeks records that Plaintiff sent or received by the EEOC or TWC related to this lawsuit. Plaintiff does not dispute the relevance of the information sought though this request or otherwise object to it.

Plaintiff produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this request. Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific request. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co., No. 3:16-CV-1202-B-BK,* 2017 WL 7596913 *5 (N.D. Tex. May 15, 2017) (ordering party to "amend its responses to the relevant RFPs, such that each referenced Bates range is tailored to specific documents responsive to that particular request."); *Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta,* No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (ordering party to produce responsive documents "or list the specific bates ranges of previously-produced documents that are responsive to each specific request…"); *Philips N. Am. LLC v. Image Tech. Consulting, LLC,* No. 3:22-CV-0147-B, 2024 WL 3225960 *4 (N.D. Tex. June 20, 2024); *FinServ Cas. Corp. v. Settlement Funding, LLC,* No. CV H-10-264, 2014 WL 12857415 *2-3 (S.D. Tex. Oct. 28, 2014); *Kelly v. Rembach,* No. CV

H-15-2563, 2018 WL 4333999 *1 (S.D. Tex. May 18, 2018); *Moore v. Ford Motor Co.*, No. 2:07-CV-309, 2008 WL 11441680 *2 (E.D. Tex. May 9, 2008) (ordering defendant "to provide the plaintiffs with the corresponding bates ranges for all documents that are responsive to the listed RFPs including any previously produced documents."); *see also* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*) (emphasis added).

Non-Movant's Arguments on Objections:

    Plaintiff fully responded to this Request without objection, and produced any and all responsive documents. Although Defendant's Motion alleges that "there is no production", Plaintiff sent Plaintiff's production to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel production of the referenced documents is therefore moot because Plaintiff produced any and all responsive documents. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."). The responsive documents are easily identifiable by name, and are specifically Bates numbers Ingram 1062-1064, 1076-1077, 1081-1091, 1097-1098, 1123-1161, 1171-1176, 1186-1189, 1191-1196. Plaintiff has no additional documents to produce.

Movant's Proposed Modification to Resolve Objections:

    None, as Plaintiff did not object.

Non-Movant's Ability to Respond or Produce:

    Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Request, and Plaintiff fully responded to the Request.

Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?

    Defendant argues Plaintiff must provide a more specific identification of responsive records. Plaintiff indicates responsive Bates numbers for the first time in her arguments above, but has not shown a willingness to amend her response to Defendant's Request for Production accordingly.

    Plaintiff argues that Plaintiff has already fully responded to this Request.

**Request for Production No. 49:**

Produce all communications you have had with any prospective employer from January 1, 2020 through the present.

    **Response:** Objection: this request is vague, overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is a rank fishing expedition seeking the disclosure of private communications and information having absolutely nothing to do with Plaintiff's claims over too broad a period of time.

Movant's Statement of Relevance:

Discovery of communications that Plaintiff had, if any, with prospective employers is directly relevant to determining whether she has made any efforts since August 31, 2023 to mitigate her damages. The duty to mitigate loss of income/backpay damages is not limited solely to subsequent employment that is obtained, but also to reasonable efforts to find such subsequent employment even when said efforts are ultimately fruitless. Therefore, this request is relevant because it encompasses things such as Plaintiff's communications with recruiters, hiring managers, with friends and family that have given Plaintiff job leads etc. *See Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1045 (5th Cir. 1998) ("A Title VII plaintiff has a duty to mitigate her damages by using reasonable diligence to obtain substantially equivalent employment."); *Overman v. City of E. Baton Rouge*, 656 F. App'x 664, 670 (5th Cir. 2016) (discussing the plaintiff's duty to mitigate damages under Title VII as a duty to make "reasonable efforts" to find subsequent employment); *Badeen v. Burns Int'l Sec. Servs., Inc.*, 765 F. Supp. 341 (E.D. Tex. 1991) (finding that the plaintiff failed to make reasonable efforts to find other work); *Bogan v. MTD Consumer Grp., Inc.*, 919 F.3d 332, 336 (5th Cir. 2019) (affirming trial court's finding that plaintiff did not make reasonable efforts to find other work); *Ford Motor Co. v. E. E. O. C.*, 458 U.S. 219, 231 (1982) (discussing plaintiff's duty under Title VII to seek other employment with reasonable diligence).

While an employer may point to substantially equivalent work that was available to a Title VII plaintiff and that they did not exercise reasonable diligence to obtain it, the Fifth Circuit has also "held that if an employer proves that an employee has not made reasonable efforts to obtain work, the employer does not also have to establish the availability of substantially equivalent employment." *Sellers v. Delgado Coll.* 902 F.2d 1189, 1193 (5th Cir. 1990 (citation and internal quotation marks omitted; emphasis added). Obviously, then, discovery of Plaintiffs communications with prospective employers will shed light on her efforts if any, to find replacement employment, and when and how she commenced those efforts.

Non-Movant's Arguments on Objections:

Plaintiff has produced information regarding prospective employers and her efforts to seek employment since her termination for purposes of mitigation. "All communications" with "any prospective employer" since January 1, 2020 goes beyond what is required to show mitigation and is irrelevant. A job application may be relevant to show Plaintiff's attempts to mitigate damages. But all communications back and forth between Plaintiff and that prospective employer, such as arranging interview times or locations, goes beyond what is relevant for mitigation efforts. Under Rule 26, discovery requests are considered relevant only "if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001), internal quotation mark omitted). While this is a broad standard, "Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'" *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) (quoting *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (10th Cir. 2010)). And that is precisely what this request is, a "speculative fishing expedition" through all of Plaintiff's communications which are irrelevant to this case.

<u>Movant's Proposed Modification to Resolve Objections:</u>

Defendant is willing to modify this request to seek communications from prospective employers from August 31, 2023 to the present rather than January 1, 2020 to the present.

<u>Non-Movant's Ability to Respond or Produce:</u>

Defendant's offer to limit the Request to the time period from August 31, 2023 to the present does not address Plaintiff's above-discussed objections because the proposed modification does nothing to change the fact that the Request seeks irrelevant information. Specifically, "all communications" back and forth between Plaintiff and any prospective employer, such as arranging interview times or locations, goes beyond what is relevant for mitigation efforts.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues that Plaintiff is not willing to produce communications with prospective employers, and her statement above that she has produced "information regarding prospective employers" does not show she has produced information responsive to this discovery request. During the parties' conferral, Defendant's counsel suggested, for example, that if an employer offered Plaintiff a job at $25,000 less than her desired salary and an email communication shows that she rejected this offer and walked away from negotiations with that employer, than this would certainly be relevant evidence that Defendant is entitled to in this case. Plaintiff's counsel disagreed.

Plaintiff argues that "all communications" back and forth between Plaintiff and any prospective employer, such as arranging interview times or locations, goes beyond what is relevant for mitigation efforts.

**<u>Request for Production No. 52:</u>**

Produce copies of your income tax returns for 2020 through the present.

**Response** Objection. Overbroad and privileged. Gattegno v. Pricewaterhouse Coopers, L. L.P., 204 F.R.D. 233 (D. Conn. 2001) (explaining that tax returns were not discoverable and that W-2s and 1099s were enough); DeMasi v. Weiss, 669 F.2d114, 119-121 (3d Cir 1982) (there is a general policy of protecting income tax records from disclosure); citing 75 FRD 465, 469, 55 FRD 512, 514 and 34 FRD 482, 483. Such a policy is premised on the governmental interest in encouraging full disclosure of income in order to maximize revenues and public disclosure of such information would discourage full disclosure to the government. DeMasi, 669 F.2d 114; Houlihan v.Anderson-Stokes, Inc., 78 F.R.D. 232, 234 (D.D.C. 1978). However, Plaintiff 's W-2's and 1099s for contract work will be produced.

<u>Movant's Statement of Relevance:</u>

Defendant seeks the information about what income Plaintiff reported on her taxes. This information is relevant because Plaintiff seeks damages following her termination. In the unlikely event that a jury finds Defendant liable to Plaintiff under Title VII, Plaintiff cannot seek backpay or frontpay damages where she had other sources of income that replaced her

income from Defendant. *See, e.g., Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988) ("Back pay is award to put victims of unlawful discrimination in the position in which they would have been but for the discrimination.") (citation omitted).

The Fifth Circuit has determined that tax returns are neither privileged nor undiscoverable, so the party opposing production must show the information contained in returns is readily obtainable from other sources to avoid discovery. *See, e.g., Rafeedie v. L.L.C.*, No. A-10-CV-743-LY, 2011 WL 5352826, at *2 (W.D. Tex. Nov. 7, 2011) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)); *see also Areizaga v. ADW Corp.*, 314 F.R.D. 428, 438 (N.D. Tex. 2016) (finding that tax returns were relevant discovery where a plaintiff alleged he had worked thousands of hours of overtime during the course of his employment and such documents would "indicate whether it was even possible that Plaintiff could work the amount of time he alleges in this lawsuit and the extent of Plaintiff's alleged damages")

Plaintiff states that she will produce W-2s and 1099s for contract work, but she has yet to.

Non-Movant's Arguments on Objections:

Plaintiff's objection speaks for itself. **Federal courts maintain a policy of not allowing the discovery of tax returns**, *Gattegno v. Pricewaterhouse Coopers, L.L.P.*, 204 F.R.D. 233 (D. Conn. 2001) (explaining that tax returns were not discoverable and that W-2s and 1099s were enough); *DeMasi v. Weiss*, 669 F.2d114, 119-121 (3rd Cir 1982) (there is a general policy of protecting income tax records from disclosure), **because the federal government has an interest in encouraging full disclosure of income in tax forms in order to maximize revenues**; public disclosure of tax returns would discourage full disclosure to the government, *DeMasi*, 669 F.2d 114; *Houlihan v. Anderson-Stokes, Inc.*, 78 F.R.D. 232, 234 (D.D.C. 1978). If Defendant wants to examine Plaintiff's post-termination income, Defendant may do so by requesting Plaintiff's W-2s and 1099s. *Gattegno*, 204 F.R.D. 233. As shown in the objection, Plaintiff has voluntarily agreed to produce these documents in discovery.

Movant's Proposed Modification to Resolve Objections:

Defendant is willing to limit the request to federal and state tax returns for 2023 to the present.

Non-Movant's Ability to Respond or Produce:

Defendant's offer to limit the Request to the time period from 2023 to the present does not address Plaintiff's above-discussed objections because the proposed modification does not change the fact that federal courts maintain a policy of not allowing the discovery of tax returns. Plaintiff is willing to produce W-2s and 1099s for that period, 2023 to the present, but this Request does not ask Plaintiff to produce any of those documents. *See Gattegno*, 204 F.R.D. 233; *DeMasi*, 669 F.2d at 119-121; *Houlihan*, 78 F.R.D. at 234. Instead, Defendant asked Plaintiff to produce tax returns, which Defendant may not do. *See Gattegno*, 204 F.R.D. 233; *DeMasi*, 669 F.2d at 119-121; *Houlihan*, 78 F.R.D. at 234.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Plaintiff is not willing to produce her complete income tax returns because Plaintiff argues that federal courts maintain a policy of not allowing the discovery of tax returns.

**Request for Production No. 53:**

Produce a copy of all documents which you contend support and/or evidence the amount of compensatory damages, back pay, front pay, retroactive seniority, benefits, and/or health benefits you are seeking in this lawsuit.

**Response:** See production.

<u>Movant's Statement of Relevance:</u>

Defendant seeks all records supporting the money Plaintiff seeks in this lawsuit. Plaintiff does not dispute the relevance of this information or otherwise object to it.

Plaintiff produced over 1,200 pages but fails to identify which specific bates number or range of numbers is responsive to this request.

Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific request. *See Source Network Sales & Mktg., LLC v. Jiangsu Mega Motor Co., No. 3:16-CV-1202-B-BK,* 2017 WL 7596913 *5 (N.D. Tex. May 15, 2017) (ordering party to "amend its responses to the relevant RFPs, such that each referenced Bates range is tailored to specific documents responsive to that particular request."); *Orchestrate HR, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 510 (N.D. Tex. 2016), *objections overruled sub nom. Orchestratehr, Inc. v. Trombetta,* No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016) (ordering party to produce responsive documents "or list the specific bates ranges of previously-produced documents that are responsive to each specific request…"); *Philips N. Am. LLC v. Image Tech. Consulting, LLC,* No. 3:22-CV-0147-B, 2024 WL 3225960 *4 (N.D. Tex. June 20, 2024); *FinServ Cas. Corp. v. Settlement Funding, LLC,* No. CV H-10-264, 2014 WL 12857415 *2-3 (S.D. Tex. Oct. 28, 2014); *Kelly v. Rembach,* No. CV H-15-2563, 2018 WL 4333999 *1 (S.D. Tex. May 18, 2018); *Moore v. Ford Motor Co.,* No. 2:07-CV-309, 2008 WL 11441680 *2 (E.D. Tex. May 9, 2008) (ordering defendant "to provide the plaintiffs with the corresponding bates ranges for all documents that are responsive to the listed RFPs including any previously produced documents."); *see also* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business *or must organize and label them to correspond to the categories in the request*) (emphasis added).

<u>Non-Movant's Arguments on Objections:</u>

Plaintiff fully responded to this Request without objection, and produced any and all responsive documents. Although Defendant's Motion alleges that "there is no production", Plaintiff sent Plaintiff's production to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel production of the referenced documents is therefore moot because Plaintiff produced any and all responsive documents. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,* 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to

the motion agrees to provide the discovery requested, a motion to compel becomes moot."). Defendant's Request for "all documents" Plaintiff contends support's Plaintiff's amount of damages is broad, and encompasses not just direct evidence of the amount of lost wages, but also all evidence proving Defendant's liability for those damages. And Plaintiff produced all such documents as Bates numbers Ingram 000001 - Ingram 001224. Plaintiff has no additional documents to produce.

<u>Movant's Proposed Modification to Resolve Objections:</u>

Plaintiff does not object to this request.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Request, and Plaintiff fully responded to the Request.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues Plaintiff must provide a more specific identification of responsive records by Bates number and/or range. Plaintiff indicates responsive Bates numbers (by referring broadly to 1200 pages) for the first time in her arguments here but has not shown willingness to amend her response to Defendant's Request for Production accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Request.

### III.    INTERROGATORIES

**Interrogatory No. 2:**

Identify your cell phone number, all your email accounts, and all accounts you have created on any Social Media Sites.

**Response:** Objection. Vague and overbroad and an invasion of Plaintiff's privacy. Not reasonably calculated to lead to the discovery of admissible evidence to the extent it is a rank fishing expedition. "[A]ny possible relevant information which could be gleaned through Facebook information is available to Defendant through less intrusive, less annoying and less speculative means than this. Such unfettered access to [Plaintiff's] Facebook account and Facebook "friends" on the claims and defenses raised in this action amounts to a fishing expedition at best and harassment at worst." Chauvin v. State Farm Auto Ins. Comp., No. 10-CV-11735 (E.D. Mich. June 21, 2011). Even so, as to unobjectionable portions of this request, see documents produced, and interrogatory answer. Plaintiff's cell phone number is ████ 0186.

<u>Movant's Statement of Relevance:</u>

Identification of social media accounts will enable Defendant's counsel search for relevant social media posts. Identification of email accounts will enable Defendant's counsel to properly identify Plaintiff on email correspondence she produces.

<u>Non-Movant's Arguments on Objections:</u>

This Interrogatory is overbroad and Defendant can obtain the information just as easily through other, public means. *Chauvin v. State Farm Auto Ins. Comp.*, No. 10-CV-11735 (E.D. Mich. June 21, 2011) (holding "any possible relevant information which could be gleaned through Facebook information is available to Defendant through less intrusive, less annoying and less speculative means than this. Such unfettered access to [Plaintiff's] Facebook account and Facebook "friends" on the claims and defenses raised in this action amounts to a fishing expedition at best and harassment at worst.").

<u>Movant's Proposed Modification to Resolve Objections:</u>

Defendant is willing to modify this request to seek identification of email and social media accounts that Plaintiff has used to communicate about this lawsuit and the persons and incidents identified in the Complaint.

<u>Non-Movant's Ability to Respond or Produce:</u>

Defendant's offer to modify the Request to identifying email and social media accounts that Plaintiff has used to communicate about this lawsuit and the persons and incidents identified in the Complaint does not address Plaintiff's above-discussed objections because (1) the phrase "incidents identified in the Complaint" broadly includes all aspects of Defendant's employment of Plaintiff, which constitutes an issue in the Complaint, and (2) does not alter the fact that Defendant can obtain the information just as easily through other, public means. *Chauvin*, No. 10-CV-11735 (E.D. Mich. June 21, 2011) (holding "any possible relevant information which could be gleaned through Facebook information is available to Defendant through less intrusive, less annoying and less speculative means than this. Such unfettered access to [Plaintiff's] Facebook account and Facebook "friends" on the claims and defenses raised in this action amounts to a fishing expedition at best and harassment at worst.").

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Plaintiff is unwilling to identify her email accounts or accounts she has created on Social Media Sites because Plaintiff argues this Interrogatory is overbroad and Defendant can obtain the information just as easily through other, public means.

**<u>Interrogatory No. 3:</u>**

Identify any postings made on any Social Media Sites authored by you that concern Defendant, this lawsuit, or any of the allegations made in the Complaint.

**Response:** Objection. Vague and overbroad and an invasion of Plaintiff 's privacy. Not

reasonably calculated to lead to the discovery of admissible evidence to the extent it is a rank fishing expedition. "[A]ny possible relevant information which could be gleaned through Facebook information is available to Defendant through less intrusive, less annoying and less speculative means than this. Such unfettered access to [Plaintiff 's] Facebook account and Facebook "friends" on the claims and defenses raised in this action amounts to a fishing expedition at best and harassment at worst." Chauvin v. State Farm Auto Ins. Comp., No. 10-CV-11735 (E.D. Mich. June 21, 2011).

Movant's Statement of Relevance:

Any matter alleged in the Complaint is relevant to the lawsuit. Fed. R. Civ. P. 26(b)(1). The Fifth Circuit has long explained that discovery requests may seek information "relevant to the subject matter in the pending action." Dunbar v. United States, 502 F.2d 506, 509 (5th Cir. 1974).

Defendant's request asks Plaintiff to identify social media posts related to or concerning the allegations she makes in her Complaint. This discovery should be permitted. See, e.g., E.E.O.C. v. Simply Storage Mgm't, LLC, 270 F.R.D 430 (S.D. Ind. 2010) (permitting discovery of social media communications relevant to plaintiffs' emotional distress claims); see also In the Matter of White Tail Oilfield Services, LLC, No. 11-0009, 2012 WL 4857777 (E.D. La. Oct. 11, 2012) (granting a motion to compel discovery request for Facebook information from a plaintiff).

Non-Movant's Arguments on Objections:

Requests using omnibus terms are improper because they are, on their face, overbroad. Specifically, requests for production "must describe with reasonable particularity each item or category of items to be inspected". Fed. R. Civ. P. 34(b)(1)(A). And "broad and undirected requests for all documents which relate in any way to [the matter] do not meet Rule 34(b)(1)(A)'s standard" because "a request for 'all documents and records' … while convenient, fails to set forth with reasonable particularity the items or category of items sought for the responding party's identification and production of responsive documents." VeroBlue Farms USA Inc. v. Wulf, 345 F.R.D. 406, 418 (N.D. Tex. 2021) (cleaned up) (quoting Lopez v. Don Herring Ltd., 327 F.R.D. 567, 575-76, 577-78 (N.D. Tex. 2018)); see also Moses v. Halstead, 236 F.R.D. 667, 672 (D. Kan. 2006) ("On numerous occasions this Court has held that a request or interrogatory is overly broad or unduly burdensome on its face if it (1) uses an omnibus term such as 'relating to' or 'concerning,' and (2) applies to a general category or group of documents or a broad range of information. Here, the term 'concerning' modifies an enormous amount of information, i.e., all issues raised in the pleadings. The Court therefore finds Allstate's overbreadth objection to be valid."); Moss v. Blue Cross & Blue Shield of Kansas, Inc., 241 F.R.D. 683, 694 (D. Kan. 2007) ("To answer this request [using omnibus terms like 'relating to' or 'regarding' with respect to a general category or group of documents] would require [responding party] to 'engage in mental gymnastics to determine what information may or may not be remotely responsive.'").

This Request is an omnibus request seeking "any posting" that "concern Defendant, this lawsuit, or any of the allegations made in the Complaint." As a matter of law, this Request is facially overbroad because it relies on an omnibus term -- "any posting" -- rather than "describ[ing] with reasonable particularity each item or category of items to be inspected".

19

Fed. R. Civ. P. 34(b)(1)(A); *VeroBlue Farms USA Inc.*, 345 F.R.D. at 418; *Lopez*, 327 F.R.D. at 575-76, 577-78; *Moses*, 236 F.R.D. at 672; *Moss*, 241 F.R.D. at 694.

<u>Movant's Proposed Modification to Resolve Objections:</u>

Defendant is willing to remove the language in the request asking for identification of social media posts simply because they "concern Defendant." Defendant's counsel does not know what terms Plaintiff believes are vague and ambiguous, or how a request for social media posts concerning this lawsuit or the allegations in her Complaint is overbroad, so Defendant's counsel is unsure how the request could otherwise be modified to resolve Plaintiff's concerns.

<u>Non-Movant's Ability to Respond or Produce:</u>

Defendant's offer to modify the Interrogatory does not address Plaintiff's objections because (1) an Interrogatory to identify "any postings made on any Social Media Sites authored by [Plaintiff] that concern … this lawsuit, or any of the allegations made in the Complaint" broadly includes all aspects of Defendant's employment of Plaintiff, which constitutes an allegation in the Complaint, and (2) the modified Interrogatory would remain facially overbroad by relying on an omnibus term -- "any posting" -- rather than "describ[ing] with reasonable particularity each item or category of items to be inspected".

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Plaintiff does not agree to identify the requested social media posts.

Defendant argues that Plaintiff would not consider any limitations during the parties' conference.

Plaintiff argues that the Interrogatory is facially overbroad, it is not Plaintiff's responsibility to rewrite Defendant's Interrogatory, and Defendant proposes no modifications to Defendant's own Interrogatory which address Plaintiff's objection.

**Interrogatory No. 6:**

Describe in detail the facts supporting your contention in paragraph 15 of the Complaint that "On August 30, 2023, . . . Dr. Richard Lange – on the recommendation of . . . Dr. Marc Orlandi, and . . . Dr. KoKo Aung – sends [Ingram] a letter stating that [TTUHSC-EP] will not continue [Ingram's] appointment as Assistant Professor after August 31, 2024," including but not limited to identifying any statements made by Dr. Orlandi or Dr. Aung that you believe constitute a recommendation to Dr. Lange regarding your employment, identifying when they made these statements, and explaining how and when you learned about any such statement(s).

**Response:** See production.

<u>Movant's Statement of Relevance:</u>

This request asks Plaintiff to narrate facts supporting one of the key contentions in her Complaint. Plaintiff does not dispute the relevance of this interrogatory or otherwise object

to it. Nevertheless, Plaintiff has not detailed any facts supporting the contention in paragraph 15 of her Complaint. Additionally, while she produced over 1200 pages in her production, he fails to state which specific bates number or range of numbers is responsive to this interrogatory, if any.

Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are responsive to this specific interrogatory. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.,* No. 3:14-CV-2498-B, 2016 WL 2997744 *10 (N.D. Tex. May 25, 2016) ("The Court determines that Plaintiff's pointing Defendants generally to document productions and expert reports does not properly invoke Rule 33(d). Plaintiff will be required to amend its answer to point to specific documents, by name or bates number…"); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.,* No. 3:16-CV-2255-L, 2018 WL 3548866 *3 (N.D. Tex. July 24, 2018); *United States ex rel. Wright v. AGIP,* No. 5:03CV264, 2008 WL 11348372 *3 (E.D. Tex. May 15, 2008) ("The Court finds Mobil has not provided sufficient detail in its responses regarding the location of responsive documents, and the burden of deriving the answers to the interrogatories is not the same for the parties […] To the extent the Mobil Defendants continue to utilize Rule 33(d), the Mobil Defendants shall supplement with more detailed information such as specific bates range references."); *ATD Combustors, LLC v. Ameritube, LLC,* No. 618CV00077ADAJCM, 2019 WL 1921615 *2-3 (W.D. Tex. Jan. 23, 2019) ("Ameritube is ordered to provide to ATD […] amended response to Interrogatory No. 9 detailing the specific bates numbers / dates of the responsive emails."); *Nice Grp. USA, Inc. v. Melenyzer,* No. CVSA15CA00787DAE, 2016 WL 11783016 *8 (W.D. Tex. Aug. 23, 2016) ("Defendant's motion to compel Nice to identify all documents it relies on by name or Bates label in its responses to Interrogatory Nos. 1-7, 11-15, 18 and 20 is GRANTED."); *see also Smith v. Garland,* No. EP-23-CV-00390-KC, 2024 WL 4683689 *5 (W.D. Tex. Nov. 1, 2024) (stating Federal Rule of Civil Procedure 33(d) generally requires referring to specific documents by bates number and holding that party complied with that requirement); *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC,* No. A-17-CA-365-LY, 2018 WL 4627276 *6 (W.D. Tex. Sept. 26, 2018) ("A proper use of Rule 33(d) requires the responding party to identify in sufficient detail the information that contains the responsive material so that the requesting party can locate and identify the information in the documents as easily as the answering party could. This generally requires an answering party "to point to specific documents, by name or bates number." In this case, Plaintiffs adequately responded to the interrogatories in issue by identifying the relevant documents.") (cleaned up).

<u>Non-Movant's Arguments on Objections:</u>

Plaintiff fully answered this Interrogatory, without objection. When an interrogatory asks information discernible from a document or filing, and identifying the document is as equally burdensome for the requesting party as it is for the answering party, the answering party may refer to the document or filing. Fed. R. Civ. P. 33(d). And Plaintiff fully answered this Interrogatory by doing just that. Although Defendant's Motion alleges that "there is no production" of the referenced documents, Plaintiff sent the documentation to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel an answer to this Interrogatory is therefore moot because Plaintiff fully answered the Interrogatory. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,* 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel

becomes moot."). Plaintiff's specific production is Bates stamped Ingram 000682, Ingram 000734-740, and Ingram 1220-1221. Plaintiff has no additional documents to produce.

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Interrogatory, and Plaintiff fully responded to the Interrogatory.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues that Plaintiff does not agree to specifically identifying responsive records by Bates number and/or range, or to amending her answer to detail facts that supporting her contention in paragraph 15 of the Complaint. Plaintiff indicates responsive Bates numbers for the first time in her arguments here but has not shown willingness to amend her interrogatory answers accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Interrogatory.

**<u>Interrogatory No. 7:</u>**

Describe in detail any facts that you believe support the contention that Dr. Marc Orlandi, Dr. KoKo Aung, or Dr. Richard Lange knew about your written complaints of sex discrimination that you identified in the Complaint prior to September 1, 2023.

**Response:** See production.

<u>Movant's Statement of Relevance:</u>

Plaintiff claims retaliation under Title VII, which depends on her showing that Defendant's decision-maker and/or cat's paw knew about her protected activity at the time of the adverse employment action. *See Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 174, 168 (5th Cir. 1999); *see also, e.g., Briones v. Laboratory Tops, Inc.*, No. 1:19-cv-878-RP, 2021 WL 2700385, at *7 (W.D. Tex. Apr. 16, 2021) (Pitman, J.) (agreeing with the defendant employer's argument that "it is axiomatic that if the decision-maker had no knowledge of protected activity, he could not have used that activity as the basis for his decision").

Plaintiff does not dispute the relevance of the information sought in this interrogatory or otherwise object to it. And yet she does *detail* any facts that she believes supports this conclusion. Mere reference to her production, even the bates numbers, does not satisfy this request.

All the same, Plaintiff should be required to provide the bates numbers and/or ranges within her 1200+ pages of production which she contends are specifically responsive to this

interrogatory. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.,* No. 3:14-CV-2498-B, 2016 WL 2997744 *10 (N.D. Tex. May 25, 2016) ("The Court determines that Plaintiff's pointing Defendants generally to document productions and expert reports does not properly invoke Rule 33(d). Plaintiff will be required to amend its answer to point to specific documents, by name or bates number…"); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.,* No. 3:16-CV-2255-L, 2018 WL 3548866 *3 (N.D. Tex. July 24, 2018); *United States ex rel. Wright v. AGIP,* No. 5:03CV264, 2008 WL 11348372 *3 (E.D. Tex. May 15, 2008) ("The Court finds Mobil has not provided sufficient detail in its responses regarding the location of responsive documents, and the burden of deriving the answers to the interrogatories is not the same for the parties […] To the extent the Mobil Defendants continue to utilize Rule 33(d), the Mobil Defendants shall supplement with more detailed information such as specific bates range references."); *ATD Combustors, LLC v. Ameritube, LLC,* No. 618CV00077ADAJCM, 2019 WL 1921615 *2-3 (W.D. Tex. Jan. 23, 2019) ("Ameritube is ordered to provide to ATD […] amended response to Interrogatory No. 9 detailing the specific bates numbers / dates of the responsive emails."); *Nice Grp. USA, Inc. v. Melenyzer,* No. CVSA15CA00787DAE, 2016 WL 11783016 *8 (W.D. Tex. Aug. 23, 2016) ("Defendant's motion to compel Nice to identify all documents it relies on by name or Bates label in its responses to Interrogatory Nos. 1-7, 11-15, 18 and 20 is GRANTED."); *see also Smith v. Garland,* No. EP-23-CV-00390-KC, 2024 WL 4683689 *5 (W.D. Tex. Nov. 1, 2024) (stating Federal Rule of Civil Procedure 33(d) generally requires referring to specific documents by bates number and holding that party complied with that requirement); *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC,* No. A-17-CA-365-LY, 2018 WL 4627276 *6 (W.D. Tex. Sept. 26, 2018) ("A proper use of Rule 33(d) requires the responding party to identify in sufficient detail the information that contains the responsive material so that the requesting party can locate and identify the information in the documents as easily as the answering party could. This generally requires an answering party "to point to specific documents, by name or bates number." In this case, Plaintiffs adequately responded to the interrogatories in issue by identifying the relevant documents.") (cleaned up).

Non-Movant's Arguments on Objections:

Plaintiff fully answered this Interrogatory, without objection. When an interrogatory asks information discernible from a document or filing, and identifying the document is as equally burdensome for the requesting party as it is for the answering party, the answering party may refer to the document or filing. Fed. R. Civ. P. 33(d). And Plaintiff fully answered this Interrogatory by doing just that. Although Defendant's Motion alleges that "there is no production" of the referenced documents, Plaintiff sent the documentation to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel an answer to this Interrogatory is therefore moot because Plaintiff fully answered the Interrogatory. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC,* 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."). Plaintiff's specific production is Bates stamped Ingram 420-421, 592, 624. Plaintiff has no additional documents to produce.

Movant's Proposed Modification to Resolve Objections:

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Interrogatory, and Plaintiff fully responded to the Interrogatory.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues that Plaintiff does not agree to specifically identifying responsive records by Bates number and/or range, or to amending her answer to detail facts, if any, that support this request. Plaintiff indicates responsive Bates numbers for the first time in her arguments here but has not shown willingness to amend her interrogatory answers accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Interrogatory.

**Interrogatory No. 12:**

Describe whether you have sought treatment by any physician, psychiatrist, therapist, doctor, or other health care provider relating to any damages you seek in this suit, and, if so, identify the date(s) of such treatment and he name(s) and address(es) of each such provider.

**Response:** See latest disclosures and production.

<u>Movant's Statement of Relevance:</u>

Plaintiff claims compensatory damages relating to mental anguish/emotion distress. For Defendant to evaluate whether she has suffered any anguish or distress, Defendant seeks *a written description* of the treatment she has sought as well as the names and contact information for her providers so that Defendant may seek those records independently if necessary. Plaintiff did not dispute the relevance of this interrogatory or object to it, but she also did not provide a written description or *specific* identification of records.

Rather, when Defendant filed its Motion to Compel (ECF No. 22) on March 13, 2025, Plaintiff had not actually produced any documents despite her response of "see production" and even though her written responses to Defendant's Requests for Production were served on February 28, 2025. However, after Defendant filed its Motion to Compel, Plaintiff produced documents the following day on March 14, 2025. Plaintiff produced additional documents on March 17, 2025. While Defendant appreciates Plaintiff producing documents, she produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this specific interrogatory.

Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are specifically responsive to this specific interrogatory. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.,* No. 3:14-CV-2498-B, 2016 WL 2997744 *10 (N.D. Tex. May 25, 2016) ("The Court determines that Plaintiff's pointing Defendants generally to document productions and expert reports does not properly invoke Rule 33(d). Plaintiff will be required to amend its answer to point to specific documents, by name or bates number…"); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.,* No. 3:16-CV-2255-L, 2018 WL 3548866 *3 (N.D. Tex. July

24, 2018); *United States ex rel. Wright v. AGIP*, No. 5:03CV264, 2008 WL 11348372 *3 (E.D. Tex. May 15, 2008) ("The Court finds Mobil has not provided sufficient detail in its responses regarding the location of responsive documents, and the burden of deriving the answers to the interrogatories is not the same for the parties […] To the extent the Mobil Defendants continue to utilize Rule 33(d), the Mobil Defendants shall supplement with more detailed information such as specific bates range references."); *ATD Combustors, LLC v. Ameritube, LLC*, No. 618CV00077ADAJCM, 2019 WL 1921615 *2-3 (W.D. Tex. Jan. 23, 2019) ("Ameritube is ordered to provide to ATD […] amended response to Interrogatory No. 9 detailing the specific bates numbers / dates of the responsive emails."); *Nice Grp. USA, Inc. v. Melenyzer*, No. CVSA15CA00787DAE, 2016 WL 11783016 *8 (W.D. Tex. Aug. 23, 2016) ("Defendant's motion to compel Nice to identify all documents it relies on by name or Bates label in its responses to Interrogatory Nos. 1-7, 11-15, 18 and 20 is GRANTED."); *see also Smith v. Garland*, No. EP-23-CV-00390-KC, 2024 WL 4683609 *5 (W.D. Tex. Nov. 1, 2024) (stating Federal Rule of Civil Procedure 33(d) generally requires referring to specific documents by bates number and holding that party complied with that requirement); *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 4627276 *6 (W.D. Tex. Sept. 26, 2018) ("A proper use of Rule 33(d) requires the responding party to identify in sufficient detail the information that contains the responsive material so that the requesting party can locate and identify the information in the documents as easily as the answering party could. This generally requires an answering party "to point to specific documents, by name or bates number." In this case, Plaintiffs adequately responded to the interrogatories in issue by identifying the relevant documents.") (cleaned up).

<u>Non-Movant's Arguments on Objections:</u>

Plaintiff fully answered this Interrogatory, without objection. When an interrogatory asks information discernible from a document or filing, and identifying the document is as equally burdensome for the requesting party as it is for the answering party, the answering party may refer to the document or filing. Fed. R. Civ. P. 33(d). And Plaintiff fully answered this Interrogatory by doing just that. Although Defendant's Motion alleges that "there is no production" of the referenced documents, Plaintiff sent the documentation to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel an answer to this Interrogatory is therefore moot because Plaintiff fully answered the Interrogatory. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

During the meaningful conferences between Plaintiff's counsel and Defendant's counsel, the Parties reached agreements for production responsive to Requests for Production Nos. 45-46, which the parties disclosed above. The production for Requests 45-46, subject to the agreed-upon limitations, will be the production referenced in Plaintiff's answer to this Interrogatory, and will fully answer this Interrogatory. It is Plaintiff's contention that the Parties' agreements

on Requests 45-46 will satisfy Defendant's concerns about Plaintiff's answer to this Interrogatory.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues that Plaintiff will not agree to provide a more specific identification of responsive records. Reference to production responsive to another discovery request without identifying Bates numbering does not adequately identify responsive information.

Plaintiff argues that Plaintiff has already fully responded to this Interrogatory because the Parties' agreements on Requests 45-46 will satisfy Defendant's concerns about Plaintiff's answer to this Interrogatory.

**Interrogatory No. 16:**

Identify all audio and/or video records, and photographs you have made of any employee or agent of Defendant that is related to any allegation in this lawsuit.

**Response:** See production.

<u>Movant's Statement of Relevance:</u>

Plaintiff has made a number of recordings of Defendant's employees, such recordings and any photographs constitute admissible evidence insofar as they are related to the persons and issues raised in her Complaint. Plaintiff did not dispute the relevance of this interrogatory or object to it.

Rather, when Defendant filed its Motion to Compel (ECF No. 22) on March 13, 2025, Plaintiff had not actually produced any documents despite her response of "see production" and even though her written responses to Defendant's Requests for Production were served on February 28, 2025. However, after Defendant filed its Motion to Compel, Plaintiff produced documents the following day on March 14, 2025. Plaintiff produced additional documents on March 17, 2025. While Defendant appreciates Plaintiff producing documents, she produced over 1200 pages and fails to state which specific bates number or range of numbers is responsive to this specific interrogatory.

Plaintiff should be required to provide the bates ranges within her 1200+ pages of production which are specifically responsive to this specific interrogatory. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.,* No. 3:14-CV-2498-B, 2016 WL 2997744 *10 (N.D. Tex. May 25, 2016) ("The Court determines that Plaintiff's pointing Defendants generally to document productions and expert reports does not properly invoke Rule 33(d). Plaintiff will be required to amend its answer to point to specific documents, by name or bates number…"); *State Auto. Mut. Ins. Co. v. Freehold Mgmt., Inc.,* No. 3:16-CV-2255-L, 2018 WL 3548866 *3 (N.D. Tex. July 24, 2018); *United States ex rel. Wright v. AGIP,* No. 5:03CV264, 2008 WL 11348372 *3 (E.D. Tex. May 15, 2008) ("The Court finds Mobil has not provided sufficient detail in its responses regarding the location of responsive documents, and the burden of deriving the answers to the interrogatories is not the same for the parties […] To the extent the Mobil Defendants continue to utilize Rule 33(d), the Mobil Defendants shall supplement with more detailed

information such as specific bates range references."); *ATD Combustors, LLC v. Ameritube, LLC*, No. 618CV00077ADAJCM, 2019 WL 1921615 *2-3 (W.D. Tex. Jan. 23, 2019) ("Ameritube is ordered to provide to ATD […] amended response to Interrogatory No. 9 detailing the specific bates numbers / dates of the responsive emails."); *Nice Grp. USA, Inc. v. Melenyzer*, No. CVSA15CA00787DAE, 2016 WL 11783016 *8 (W.D. Tex. Aug. 23, 2016) ("Defendant's motion to compel Nice to identify all documents it relies on by name or Bates label in its responses to Interrogatory Nos. 1-7, 11-15, 18 and 20 is GRANTED."); *see also Smith v. Garland*, No. EP-23-CV-00390-KC, 2024 WL 4683689 *5 (W.D. Tex. Nov. 1, 2024) (stating Federal Rule of Civil Procedure 33(d) generally requires referring to specific documents by bates number and holding that party complied with that requirement); *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2018 WL 4627276 *6 (W.D. Tex. Sept. 26, 2018) ("A proper use of Rule 33(d) requires the responding party to identify in sufficient detail the information that contains the responsive material so that the requesting party can locate and identify the information in the documents as easily as the answering party could. This generally requires an answering party "to point to specific documents, by name or bates number." In this case, Plaintiffs adequately responded to the interrogatories in issue by identifying the relevant documents.") (cleaned up).

<u>Non-Movant's Arguments on Objections:</u>

Plaintiff fully answered this Interrogatory, without objection. When an interrogatory asks information discernible from a document or filing, and identifying the document is as equally burdensome for the requesting party as it is for the answering party, the answering party may refer to the document or filing. Fed. R. Civ. P. 33(d). And Plaintiff fully answered this Interrogatory by doing just that. Although Defendant's Motion alleges that "there is no production" of the referenced documents, Plaintiff sent the documentation to Defendant, via email link, on March 13, 2025 and March 17, 2025. Defendant's motion to compel an answer to this Interrogatory is therefore moot because Plaintiff fully answered the Interrogatory. *See Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot."). The responsive documents are easily identifiable as audio or video files (.m4a, .wav, and .mp3), and are specifically Bates numbers Ingram 001212 - Ingram 001224. Plaintiff has no additional documents to produce.

<u>Movant's Proposed Modification to Resolve Objections:</u>

None, as Plaintiff did not object.

<u>Non-Movant's Ability to Respond or Produce:</u>

Plaintiff has no additional argument on this point, aside from Plaintiff's argument above, because Defendant does not propose any modifications to this Interrogatory, and Plaintiff fully responded to the Interrogatory.

<u>Why Was the Dispute Not Resolved after Meeting and Conferring in Good Faith?</u>

Defendant argues that Plaintiff will not agree to provide a more specific identification of responsive records, and indicates the responsive Bates numbers for the first time in her arguments here but has not shown willingness to amend her interrogatory answers accordingly.

Plaintiff argues that Plaintiff has already fully responded to this Interrogatory and produced all responsive records.

Dated: April 29, 2025                           Respectfully submitted,

**Ken Paxton**                                   **Kimberly Gdula**
Attorney General of Texas                        Chief, General Litigation Division

**Brent Webster**                                /s/ *Cole P. Wilson*
First Assistant Attorney General                 **Cole P. Wilson**
                                                 Assistant Attorney General
**Ralph Molina**                                 Texas State Bar No. 24122856
Deputy First Assistant Attorney General          Cole.Wilson@oag.texas.gov

**Austin Kinghorn**                              Office of the Attorney General
Deputy Attorney General for Civil Litigation     General Litigation Division
                                                 P.O. Box 12548, Capitol Station
                                                 Austin, Texas 78711-2548
                                                 (512) 936-1309 | Fax: (512) 320-0667

                                                 *Counsel for Texas Tech University Health*
                                                 *Sciences Center at El Paso*

**Chavez Law Firm**
2101 N. Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _Michael R. Anderson_
Enrique Chavez, Jr., State Bar No. 24001873
enriquechavezjr@chavezlawpc.com
Michael R. Anderson, State Bar No. 24087103
manderson@chavezlawpc.com
Michael M. Osterberg, State Bar No. 24108991
mikeosterberg@chavezlawpc.com

*Attorneys for Plaintiff*

### CERTIFICATE OF CONFERENCE

Counsel certify that they conferred in good faith to try to resolve the discovery disputes at issue in Defendant's motion to compel. First, counsel met telephonically for one hour and eleven minutes on April 14, 2025 to confer on these discovery disputes. Additionally, counsel exchanged follow-up emails between April 18 and April 29 further discussing the disputes.

/s/*Cole P. Wilson*
Counsel for Defendant

/s/*Michael R. Anderson*
Counsel for Plaintiff

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record who have entered an appearance on April 29 2025, using the Federal Court CM/ECF system.

/s/ *Cole P. Wilson*