UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **KRISTYN INGRAM,** § | |
| § | |
| *Plaintiff,* § | |
| v. § | |
| § | **EP-24-CV-378-KC** |
| **STATE OF TEXAS – TEXAS TECH** § | |
| **UNIVERSITY HEALTH SCIENCES** § | |
| **CENTER AT EL PASO,** § | |
| § | |
| *Defendant.* § | |

**MEMORANDUM ORDER**

Plaintiff Kristyn Ingram brings this employment discrimination action against Defendant State of Texas – Texas Tech University Health Sciences Center at El Paso, asserting claims for sex discrimination, sexual harassment, and retaliation.

Before the Court is Defendant's "Expedited Motion to Compel" (ECF No. 22) ("Motion"), in which it seeks an order that (1) overrules Plaintiff's written objections to its interrogatories and requests for production; (2) compels her to fully answer its interrogatories and to produce all records responsive to its requests for production; and (3) requires her to pay for Defendant's reasonable expenses incurred in filing the Motion. The Honorable District Judge Kathleen Cardone referred the Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for determination.

On March 25, 2025, the Court ordered the parties to meet and confer in good faith and to file a joint statement discussing any unresolved disputes in a specific order and format. *See* Order Requiring Supp. Br., ECF No. 25. One month later, the parties filed their joint statement. Joint Statement, ECF No. 27. For the reasons below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion.

**STANDARD**

Federal Rule of Civil Procedure 26(b) defines the scope of permissible discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  A discovery request is relevant if a possibility exists that the requested information is relevant to a party's claims or defenses.  *Lopez v. State Farm Lloyds*, 348 F.R.D. 419, 421–22 (W.D. Tex. 2025).  Rule 26(b)'s scope is broad, allowing discovery of information that need not be admissible in evidence, but it does not permit unwieldy, burdensome, and speculative fishing expeditions.  Fed. R. Civ. P. 26(b)(1); *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1163 (5th Cir. 2010).

Requesting parties may move to compel if responding parties fail to answer an interrogatory under Rule 33 or fail to produce documents requested under Rule 34.  Fed. R. Civ. P. 37(a)(3)(B).[1]  Unless the discovery request is relevant on its face, requesting parties must specifically show in their motion to compel why the request is relevant.  *Lopez*, 348 F.R.D. at 422.  The burden then shifts to the responding parties, who must show how each request is irrelevant or overly broad, burdensome, or oppressive.  *Id.*  Rule 26 vests courts with broad discretion to deny a motion to compel and limit discovery if the requested information falls outside the permissible scope.  Fed. R. Civ. P. 26(b)(2)(C)(iii);  *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly.").

**DISCUSSION**

As noted above, the parties filed a Joint Statement in compliance with the Court's order for additional briefing.  The Joint Statement addresses each unresolved discovery dispute, structured

---

[1] *See also* Fed. R. Civ. P. 33(a) (A party may serve on any other party written interrogatories which "may relate to any matter that may be inquired into under Rule 26(b)."); *id.* 34(a)(1)(A) (A party may serve on any other party "a request within the scope of Rule 26(b) . . . to produce . . . any designated documents or electronically stored information" in the other party's "possession, custody, or control.").

to mirror the legal standard for motions to compel and the meet-and-confer process. *See generally* Joint Statement. Defendant first explains why its discovery request is relevant, then Plaintiff expands on any objections raised in her response to the request. *Id.* Defendant then proposes modifications to resolve Plaintiff's objections, followed by Plaintiff detailing her ability to respond to the request and produce documents where applicable, including whether she is willing to do so under a protective order or other conditions. *Id.* If Plaintiff has already produced documents, the Court required her to identify them by their Bates number. *Id.* Finally, the parties jointly explain why the dispute remains unresolved despite their good-faith efforts to resolve it. *Id.*

For that reason, the Court addresses the parties' unresolved discovery disputes, considering their arguments, Defendant's proposed modifications, and Plaintiff's ability to respond or produce documents, in the order presented in their Joint Statement.

## I. Resolved and Withdrawn Discovery Disputes

First, the Court addresses the discovery disputes that the parties indicate in their Joint Statement have been resolved. In their Joint Statement, the parties assert that they have resolved their discovery disputes over:

- Requests for Production Nos. 11–38, 45–46, and 58; and
- Interrogatory Nos. 1, 9, and 17.

So the Court **DENIES AS MOOT** Defendant's Motion as to those resolved discovery disputes.

Defendant also requests to withdraw from its Motion the discovery disputes over:

- Request for Production Nos. 39–41, 47, and 50; and
- Interrogatory No. 14.

So the Court **GRANTS** Defendant's request and **WITHDRAWS** these discovery disputes from consideration.

II. **Unresolved Discovery Disputes**

a. **Plaintiff's Failure to Amend Responses to Specify Responsive Bates Numbers**

Despite agreeing that Plaintiff has produced all documents responsive to Request for Production Nos. 1, 4, 7–8, 10, and 53, the parties dispute whether Plaintiff must amend her discovery responses to specifically identify the Bates numbers or range from her productions that are responsive to Defendant's discovery requests. On one hand, Defendant argues that Rule 34(b)(2)(E)(i) requires Plaintiff's responses to "state which [B]ates number or range of numbers is responsive" to its requests for production. *See* Joint Statement at 2–5, 8–12, 16–17. On the other hand, Plaintiff argues that she has fully responded and produced all responsive documents, which Defendant can identify by name and file type (where applicable). *Id.*

Rule 34(b)(2)(E) lays out how parties must produce documents unless otherwise stipulated or ordered by the court. Fed. R. Civ. P. 34(b)(2)(E). The rule requires parties, in part, to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." *Id.* 34(b)(2)(E)(i). The Advisory Committee notes emphasize that the rule is meant "to protect against deliberate or inadvertent production in ways that raise unnecessary obstacles for the requesting party." *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 583 (C.D. Cal. 2011) (quoting Fed. R. Civ. P. 34 advisory committee notes to 2006 amendment). In other words, the rule aims to prevent responding parties from disorganizing their document productions to the detriment of requesting parties. *See id.* at 384 (quoting *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.,* 2009 WL 5151745, at *3 (E.D. Mich. 2009)).

Here, Defendant argues that Plaintiff's responses fail to comply with Rule 34(b)(2)(E)(i). But Defendant does not argue that Plaintiff organized or labeled the discovery in a way that hinders its own ability to identify which documents are responsive to its requests for production. So, Rule 34(b)(2)(E)(i) does not apply here, as it relates to the "the *organization*" and "format" of discovery productions, not the specific identification of responsive documents in responses to requests for production. *Am. Promotional Events*, 277 F.R.D. at 583 (emphasis in original).

Moreover, Plaintiff has *already* specifically identified the Bates numbers from her productions that are responsive to Defendant's requests for production. *See* Joint Statement at 2–5, 8–12, 16–17. And nowhere in the parties' Joint Statement does Defendant argue that Plaintiff failed to comply with the Court's order. Thus, the Court **DENIES** Defendant's Motion as to Request for Production Nos. 1, 4, 7–8, 10, and 53.

### b. Defendant's Request for Plaintiff's Intended Trial Exhibits

The parties next dispute whether, in response to Request for Production No. 5, Plaintiff must "[p]roduce all documents or tangible things [she] intend[s] to offer as a trial exhibit." Joint Statement at 5. Defendant argues that Plaintiff's trial exhibits are relevant because they include documents that will support her claims and counter Defendant's defenses. *Id.* Plaintiff objects to this request because it seeks attorney work product—her counsel's mental impressions and trial strategy. *Id.* at 6. She also asserts that "[a]ny document [she] intends, at this time, to offer as a trial exhibit has already been produced." *Id.*

To begin, Plaintiff has already produced the requested documents, so this discovery dispute is moot. What is more, Rule 26(a)(3) already requires parties to identify and disclose trial exhibits at least thirty days before trial, unless the court orders otherwise—which has not occurred here. *See* Fed. R. Civ. P. 26(a)(3)(A)(iii); *id.* 26(a)(3)(B). It follows then, that requiring Plaintiff to

disclose trial exhibits piecemeal adds no value to the discovery process and imposes an unnecessary burden. So the Court concludes that Defendant's Request for Production No. 5 is premature and unreasonably cumulative, duplicative, and burdensome.

Thus, the Court **DENIES** Defendant's Motion as to Request for Production No. 5. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

### c. Defendant's Request for Audio and Video Recordings

The parties also dispute whether Defendant's Request for Production No. 6, which requests Plaintiff to "[p]roduce all statements (oral or written), audio recordings, or transcripts made of Defendant, or its employees and representatives, which [Plaintiff has in her] possession, custody, or control," is vague and overbroad. Joint Statement at 7.

Plaintiff argues that this request is grossly overbroad because it is unlimited in scope, subject, and time. *Id.* Plaintiff argues that, as drafted, the request covers "any and all business records, emails, or phone logs made by any of Defendant's numerous employees, at any time, to any person, for any reason," "including virtually every document Defendant has ever produced as part of its business operations." *Id.* During their meet-and-confer, Defendant offered to limit the time scope of the request to January 1, 2020, through the present, and to further limit it to "the topics covered to recordings relating to the allegations in the Complaint." *Id.* at 8. Yet Plaintiff insists that it remains unclear what Defendant means by topics relating to her complaint's allegations, as such topics "broadly cover any aspect of Defendant employing Plaintiff." *Id.* Plaintiff asserts, however, that she has already produced all recordings of Defendant's employees

in her possession. *Id.* Plaintiff does not explain why Defendant's request was vague. After due consideration, the Court concludes that Defendant's proposed modifications are reasonable.

While Plaintiff claims that the request broadly seeks any document from any employee, at any time, and for any reason, Defendant explains that it only "seeks all audio and video recordings, as well as transcripts of recordings, that Plaintiff made of any of Defendant's employees" *in her possession, custody, or control*. *Id.* at 7–8. Further, Defendant's offer "to limit the topics covered to recordings relating to the allegations in the Complaint" effectively limits the scope to any audio or video recordings, "as well as transcripts of recordings," that Plaintiff made related to the allegations in her complaint. *Id.* And lastly, Plaintiff did not object to limiting the request "to the period beginning January 1, 2020 through the present," and the allegations in her complaint cover that same period. *See generally* Compl., ECF No. 1.

Thus, the Court **OVERRULES** Plaintiff's objections and **GRANTS** Defendant's Motion as to Request for Production No. 6 **AS MODIFIED**:

> Produce all audio and video recordings, as well as transcripts of recordings, made between January 1, 2020, and the present, in your possession, custody, or control, that relate to the allegations in the Complaint.

Upon fully complying with this modified request, Plaintiff **SHALL AMEND** her discovery response accordingly.

### d. Defendant's Request for Communications With Prospective Employers

The parties next dispute whether Defendant's Request for Production No. 49, which requests Plaintiff to "[p]roduce all communications you have had with any prospective employer from January 1, 2020 through the present," is vague and overbroad, and seeks irrelevant information. Joint Statement at 12.

Defendant argues that the requested information is relevant for determining Plaintiff's efforts, since August 31, 2023, to mitigate her damages by seeking subsequent employment, even if her efforts were unsuccessful. *Id.* at 13. Plaintiff retorts that "'[a]ll communications' with 'any prospective employer' since January 1, 2020," may include back-and-forth discussions about "interview times or locations," which are beyond the scope of what is relevant to mitigation of damages. *Id.* During their meet-and-confer, Defendant offered to limit the time period to August 31, 2023, through the present. *Id.* at 14. But while Plaintiff asserts that she "has produced information regarding prospective employers and her efforts to seek employment since her termination," she maintains that the proposed modification still fails to address her concern that the request seeks irrelevant information. *Id.* After due consideration, the Court concludes that Defendant's proposed modifications are reasonable.

Defendant's request for Plaintiff's communications with prospective employers between August 31, 2023, and the present covers the period since Plaintiff alleges she was terminated by Defendant. *See* Compl. at 3. Plaintiff also does not explain why her communications with prospective employers about "interview times and locations" are irrelevant.

Thus, the Court **OVERRULES** Plaintiff's objections and **GRANTS** Defendant's Motion as to Request for Production No. 49 **AS MODIFIED**:

> Produce all communications you have had with any prospective employer from August 31, 2023, through the present.

Upon fully complying with this modified request, Plaintiff **SHALL AMEND** her discovery response accordingly.

### e. Defendant's Request for Plaintiff's Tax Returns

The parties next dispute whether Plaintiff must "[p]roduce copies of [her] income tax returns for 2020 through the present" in response to Defendant's Request for Production No. 52.

Joint Statement at 14.  Defendant argues that Plaintiff's tax returns are relevant for determining backpay and frontpay damages, as they will show her sources of post-termination income.  *Id.* at 14–15.  Plaintiff objects to Defendant's request, arguing that courts maintain a policy that prevents the discovery of tax returns when other documents are sufficient to show her post-termination income.  *Id.* at 15.  For that reason, Plaintiff asserts that she is willing to produce her W-2s and 1099s, which are sufficient to show the information Defendant seeks.  *Id.*  Defendant does not object to Plaintiff's offer to produce her W-2s and 1099s, but proposes to limit its request to federal and state tax returns from 2023 to the present.  *Id.*  After due consideration, the Court concludes that the parties' proposed modifications are reasonable.

Although tax returns are neither privileged nor undiscoverable, courts recognize that they should only be produced under certain circumstances due to the sensitive information they contain.  *See Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 587 (N.D. Tex. 2016).  Requesting parties must first establish that the tax returns are relevant.  *Id.* at 587–88.  The burden then shifts to responding parties to show that other sources with less sensitive information can provide the requested information.  *Id.*  But if requesting parties, after receiving and reviewing these other sources, show good cause exists to believe that the information provided is untruthful or incomplete, courts allow renewed motions for the disclosure of some or all of the relevant tax returns.  *Id.* at 588.

Here, the parties agree that Plaintiff's tax returns are relevant for determining backpay and frontpay damages, as they will show her sources of post-termination income.  Joint Statement at 14–16.  The parties also seem to agree that W-2s and 1099s are sufficient to show the requested information.  *Id.*; *see also Gondola*, 223 F. Supp. 3d at 587 (citing cases).  Moreover, Defendant's

offer to limit its request to documents from 2023 to the present aligns with their asserted relevance to this case. *See* Compl. at 3.

Thus, the Court **GRANTS** Defendant's Motion as to Request for Production No. 49 **AS MODIFIED**:

> Produce copies of documents sufficient to show your post-termination income, between 2023 to the present, such as W-2s and 1099s.

Upon fully complying with this modified request, Plaintiff **SHALL AMEND** her discovery response accordingly.

### f. Plaintiff's Failure to Identify her Email and Social Media Accounts

Next, the parties dispute whether, in response to Interrogatory Nos. 2 and 3, Plaintiff must identify her cell phone number and email and social media accounts, along with any posts she made on her social media accounts that relate to this case. Joint Statement at 17–20.

Defendant argues that the requested information is relevant because it will help identify Plaintiff's email correspondence and social media posts that relate to this case. *Id.* at 18–19. Plaintiff objects to the interrogatories on the grounds that they are vague, overbroad, and an invasion of Plaintiff's privacy. *Id.* Plaintiff contends that the interrogatories are overbroad and infringe on her privacy because unfettered access to her email and social media accounts amounts to a fishing expedition. Yet she does not explain why the interrogatories, or any of their terms, are vague. *Id.* at 18–20. During their meet-and-confer, Defendant offered to limit the email and social media accounts that Plaintiff must identify to only those that she used to communicate and post about this case, including the individuals and incidents mentioned in her complaint. *Id.* at 18, 20. After due consideration, the Court concludes that Plaintiff's objections are meritless and that Defendant's proposed modifications are reasonable.

Social media content is generally neither privileged nor protected by a general privacy right. *See Gondola*, 223 F. Supp. 3d at 591 (citing cases). But courts agree that broad discovery requests for all social media content, including unfettered access to an individual's social media accounts, "cast too wide a net . . . into scores of quasi-personal information that would be irrelevant and non-discoverable." *Id.* (citing cases); *see also id.* ("A party is no more entitled to such unfettered access to an opponent's social networking communications than it is to rummage through the desk drawers and closets in his opponent's home."). For this reason, courts limit discovery of social media accounts to only information relevant to the claims and defenses in the case. *Id.* (citing cases).

Here, Plaintiff misreads Defendant's interrogatories to request usernames, passwords, and unfettered access to her email and social media accounts. Joint Statement at 17–20. But the plain language of Defendant's interrogatories merely ask for the *identification* of such accounts and any social media posts she wrote that relate to this case, nothing more. *Id.* Indeed, Defendant seeks this information to review the email correspondence already produced and search for relevant posts in Plaintiff's social media accounts using public means—exactly the approach Plaintiff claims protects her privacy without requiring unfettered access. *Id.* at 18–19. Further, given Defendant's offer to limit the information requested by the interrogatories, Plaintiff's claim that the interrogatories, even as modified, constitute a fishing expedition into her email and social media accounts is meritless.

Thus, the Court **OVERRULES** Plaintiff's objections to Interrogatory No. 2 and **GRANTS** Defendant's Motion as to that interrogatory **AS MODIFIED**:

> Identify your cell phone number, and your email accounts and accounts you have created on any Social Media Sites through which you have communicated about this lawsuit and the persons and incidents identified in the Complaint.

The Court **FURTHER OVERRULES** Plaintiff's objections to Interrogatory No. 3 and **GRANTS** Defendant's Motion as to that interrogatory **AS MODIFIED**:

> Identify any postings you made on any Social Media Sites concerning this lawsuit or any of the allegations made in the Complaint.

The Court **MOREOVER ORDERS** Plaintiff to **AMEND** her answers to *each* of these interrogatories, providing *complete narrative responses* that comply with Rule 33(b)'s requirements.

### g. Plaintiff's Failure to Adequately Answer Defendant's Interrogatories

Lastly, the parties dispute whether Plaintiff adequately answered Interrogatory Nos. 6–7, 12, and 16 by just referencing her discovery productions. Joint Statement at 20–29. Defendant argues that Plaintiff's answers are inadequate because they neither provide narrative answers nor identify specific documents; instead, Plaintiff only refers Defendant to her document productions. *Id.* Plaintiff retorts that it has adequately answered the interrogatories, as the narrative Defendant seeks would be just as burdensome for it to extract from the documents as it would be for her to provide. *Id.* Yet Defendant counters that Plaintiff fails to identify in her responses even a single responsive document by Bates number, despite producing over 1,200 pages. *Id.*

Rule 33(b) governs the form of interrogatory answers. Fed. R. Civ. P. 33(b). It requires responding parties to fully answer interrogatories with all relevant and responsive information after a review of all reasonably available sources. *Id.* 33(b)(3); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018). Responding parties must verify their interrogatory answers under oath with a sworn affidavit or declaration. Fed. R. Civ. P. 33(b)(3); *see also Don Herring*, 327 F.R.D. at 579 (interrogatory answers must be in writing and signed under oath by the party to whom they are directed—not by the party's attorney).

Courts assess the sufficiency of interrogatory answers, treating evasive or incomplete answers as a failure to answer. Fed. R. Civ. P. 37(a)(4); *id.* advisory committee notes to 1970 amendment (rule recognizes and incorporates the courts' power to compel adequate interrogatory answers). If a requesting party can determine interrogatory answers by examining, auditing, compiling, abstracting, or summarizing the responding party's business records, and the burden of deriving such answer is substantially the same for both parties, the responding party may produce those business records rather than provide a narrative answer. Fed. R. Civ. P. 33(d). To do so, the responding party must (1) specify the records that the requesting party must review; and (2) provide the requesting party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or summaries. *Don Herring Ltd.*, 327 F.R.D. at 579 (quoting Fed. R. Civ. P. 33(d)). The responding party must provide enough detail to allow the requesting party to locate and identify the records as easily as it can itself. *Id.*

If the requesting party insists on narrative answers, it must establish that the requested information is not fully contained in, too difficult to extract from, or cannot be derived from the documents specified by the responding party. *U.S. S.E.C. v. Elfindepan, S.A.*, 206 F.R.D. 574, 576 (M.D.N.C. 2002). Once the requesting party meets this burden, the responding party must justify its actions by establishing two things. First, the responding party must establish how reviewing the specified documents will reveal the interrogatory answers. *Id.* Document dumps or vague references are insufficient. *Id.* And second, the responding party must show that the burden of deriving or ascertaining the interrogatory answer is substantially the same for both parties. *Id.* at 576–78.

Here, the Court agrees with Defendant that Plaintiff has failed to adequately answer its interrogatories. To begin, Plaintiff fails to explain why the documents in her productions qualify

as "business records" for her to invoke Rule 33(d). Although courts have construed "business records" to cover a variety of records, Plaintiff provides no argument as to why the documents she produced are covered under Rule 33(d). *See, e.g.*, *Elfindepan*, 206 F.R.D. 577 n.6 (citing cases).

What is more, even if Plaintiff could invoke Rule 33(d) here, as Defendant points out, she fails to provide enough detail to specify which documents in her productions Defendant must review to extract the answer to each interrogatory at issue. Indeed, given that Plaintiff produced over 1,200 pages, her answer of "see production" to Defendant's interrogatories is as vague as it gets. [2] Nor does Plaintiff explain, either in her answers or in the parties' Joint Statement, why the burden of deriving the answer to each of Defendant's interrogatories is substantially the same for both parties.

Thus, the Court **GRANTS** Defendant's Motion as to Interrogatory Nos. 6–7, 12, and 16, and **ORDERS** Plaintiff to **AMEND** her answers to *each* of these interrogatories, providing *complete narrative responses* that comply with Rule 33(b)'s requirements.

## CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's "Expedited Motion to Compel" (ECF No. 22), as ruled elsewhere in this Order.[3] Plaintiff **SHALL** comply with the Court's rulings found elsewhere in this Order (including, producing all responsive documents and amending her discovery responses to the relevant

---

[2] *See, e.g.*, *Elfindepan*, 206 F.R.D. at 577 ("Not one specific document is identified for any specific interrogatory. This attempted use of Rule 33(d) is more in the nature of a document dump than a specification of documents. The action does not comply with the final sentence of Rule 33(d) which requires specificity. Nor has plaintiff shown the Court that the documents, in fact, contain all of the information sought by the interrogatories, except by simply, flatly declaring such. The Court is not given any basis for assessing this claim. For all these reasons, plaintiff fails to satisfy this justification factor.").

[3] At this time, the Court exercises its discretion under Rule 37(a)(5)(C) to apportion the reasonable expenses of Defendant's Motion between the parties, ordering each party to bear its own costs.

Requests for Production and Interrogatories) **no later than Monday, June 9, 2025. The Court WARNS Plaintiff that failure to comply with this Order may result in SANCTIONS.**

So ORDERED and SIGNED this <u>19th</u> day of May 2025.

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**