UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| KRISTYN INGRAM, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | EP-24-CV-378-KC |
| STATE OF TEXAS – TEXAS TECH UNIVERSITY HEALTH SCIENCES CENTER AT EL PASO, | § § § § § | |
| *Defendant.* | § § | |

## MEMORANDUM ORDER

Plaintiff Kristyn Ingram brings this employment discrimination action against Defendant State of Texas – Texas Tech University Health Sciences Center at El Paso, asserting claims for sex discrimination, sexual harassment, and retaliation.

Before the Court is Defendant's "Motion to Exclude Testimony from Plaintiff's Expert" (ECF No. 47) ("Motion"), in which it seeks to exclude the untimely disclosed rebuttal opinions and testimony of Plaintiff's retained expert, Thomas Fullerton, Ph.D.  The Honorable District Judge Kathleen Cardone referred the Motion to the undersigned Magistrate Judge under 28 U.S.C. § 636(b) for determination.  For the reasons below, the Court **GRANTS IN PART and DENIES IN PART** Defendant's Motion.

### STANDARD

Absent a stipulation or court order, Federal Rule of Civil Procedure 26(a)(2)(D)(ii) requires a party to disclose any rebuttal expert opinion within thirty days of the opposing party's expert disclosures.  Rule 16 authorizes courts to sanction

parties who violate scheduling or other pretrial orders, including by awarding the opposing party its attorney's fees, reasonable expenses, or both, incurred due to the violation. Fed. R. Civ. P. 16(f).

Rule 37 likewise provides that a party who fails to make timely disclosure "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Instead of or in addition to exclusion, courts may impose other sanctions, including attorney's fees and costs. *See In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) (citing Fed. R. Civ. P. 37(c)(1)(A)-(C)).

"Substantial justification" exists when the failure to disclose is justified to a degree that would persuade a reasonable person that parties could genuinely disagree about whether disclosure was required. *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 205 (5th Cir. 2016) (quoting *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140 n.23 (3d Cir. 2009)). The decision not to disclose must rest on a "reasonable basis both in law and fact." *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

To determine whether a disclosure violation is harmless, courts evaluate four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400–01 (5th Cir. 2003). "The disclosing (or late disclosing) party bears the burden of proving the failure to timely disclose was substantially justified or harmless." *Pem-Air Turbine Engine Servs. LLC*

*v. Gupta*, No. 3:21-CV-180-L-BN, 2024 WL 758561, at *3 (N.D. Tex. Feb. 22, 2024) (quoting *Lopez v. Fun Eats & Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021), *R&R adopted*, 2021 WL 3493496 (N.D. Tex. Aug. 9, 2021).

## DISCUSSION

By its Motion, Defendant asks the Court to exclude Dr. Fullerton's rebuttal opinions because Plaintiff disclosed them on October 8, 2025—that is, 86 days after the August 13, 2025 deadline under Rule 26(a)(2)(D)(ii). Mot. at 3–5. Defendant also argues that the late disclosure was neither substantially justified nor harmless. *Id.* at 7–10.

Plaintiff concedes that she disclosed Dr. Fullerton's rebuttal opinions after the deadline. Resp. in Opp'n at 2, 4, ECF No. 48. Yet Plaintiff argues that the late disclosure was substantially justified because it resulted from an inadvertent calendaring error. *Id.* at 2, 5. She also maintains that any prejudice is harmless, and if not, she offers two remedies to cure it: (1) allowing Defendant to depose Dr. Fullerton a second time regarding the late-disclosed opinions; and (2) agreeing not to depose Defendant's retained expert, Valentin Estevez, Ph.D. *Id.* at 5.

Because Plaintiff concedes that she disclosed Dr. Fullerton's rebuttal expert opinions[1] late under Rule 26(a), the Court need only determine whether the untimely

---

[1] Although Plaintiff refers to the untimely disclosed expert opinions as "supplemental" in her briefing, a review of the opinions confirms that they are, in fact, rebuttal expert opinions. *See generally* Mot., Ex. 5, ECF No. 47-5. Indeed, Plaintiff also concedes as much in her brief: "Due to an inadvertent calendaring error, Plaintiff did not properly track the deadline by which Plaintiff needed to provide Defendant with Plaintiff's *rebuttal expert report from Dr. Thomas Fullerton*." Resp. in Opp'n at 2 (emphasis added).

- 3 -

disclosure was substantially justified or harmless—and if not, what remedy is appropriate.

To begin, the Court concludes that Plaintiff's late disclosure of Dr. Fullerton's rebuttal opinions was not substantially justified. Plaintiff claims the late disclosure resulted from an inadvertent calendaring error, but she provides no supporting facts. *Id.* at 2, 4. Her only explanation is that counsel "did not properly track the [relevant] deadline" and forwarded Dr. Fullerton's rebuttal opinions to Defendant the day after receiving them. *Id.* at 3. But even had she explained the circumstances surrounding the inadvertent calendaring error, "[m]ere inadvertence of counsel does not substantially justify a missed deadline." *Bull v. Bd. of Trs. of Ball State Univ.*, No. 1:10-CV-00878-JMS, 2012 WL 76137, at *2 (S.D. Ind. Jan. 10, 2012) (citing *Tolerico v. Home Depot*, 205 F.R.D. 169, 176 (M.D. Pa. 2002)).[2]

Further, the Court concludes that Plaintiff's late disclosure was not harmless, particularly regarding Defendant's litigation costs. Plaintiff disclosed the rebuttal opinions only thirty-five minutes before Defendant's scheduled deposition of Dr. Fullerton, effectively requiring Defendant to conduct a second deposition after reviewing the opinions. *See* Mot. at 4. The need for this second deposition forces Defendant to incur additional litigation costs—costs directly resulting from Plaintiff's

---

[2] *See also Smith v. Aurora Pub. Sch.*, 318 F.R.D. 429, 432 (D. Colo. 2016) (finding that counsel's inadvertence to update a pleading "is not enough to establish substantial justification"); *N. Star Mut. Ins. Co. v. Zurich Ins.*, 269 F. Supp. 2d 1140, 1145 (D. Minn. 2003) ("[Counsel's] carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.").

untimely disclosure that Defendant would not have to bear had Plaintiff met the deadline.

To that end, given that no trial date is set, the Court concludes that the appropriate remedy here is not to exclude Dr. Fullerton's rebuttal opinions. Instead, the Court will award Defendant the reasonable expenses it incurs in deposing Dr. Fullerton a second time. *See Esposito v. Home Depot U.S.A., Inc.,* 590 F.3d 72, 80 (1st Cir. 2009) (reversing lower court's exclusion of expert testimony, explaining that "the punishment must approximately fit the crime" but there, "it did not," and suggesting that the lower court should have opted for "a less severe remedy" such as "the imposition of fines or costs" instead of exclusion).[3]  The Court will also require Plaintiff to produce all expert-related billing records that the parties have agreed to exchange to prevent the need for additional depositions caused by her failure to timely disclose all relevant materials. *See* Mot. at 9–10.

Thus, the Court **GRANTS IN PART and DENIES IN PART** Defendant's "Motion to Exclude Testimony from Defendant's Expert" (ECF No. 47).

Within forty-five days of this Order, Defendant may depose Dr. Fullerton a second time regarding his rebuttal opinions. Plaintiff **SHALL** produce, at least ten days before the scheduled deposition, **all** expert-related billing records that the parties have agreed to exchange.

---

[3] *See also In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 374 (5th Cir. 2016) (finding lower court's exclusion of defendant's second expert report and testimony was not the appropriate sanction where there was no indication of bad faith on part of defendant and the report was submitted several months before trial, and further explaining that "[m]ore appropriate sanctions" would have been to allow re-deposition of defendant's expert and awarding costs and fees).

The Court **FURTHER AWARDS** Defendant reasonable expenses (excluding attorney's fees) for its second deposition of Dr. Fullerton.  Within fourteen days after the deposition concludes, Defendant **SHALL** submit a detailed statement of costs and expenses incurred for the deposition, supported by declaration and invoices, for the Court's approval.

**So ORDERED and SIGNED this 21st day of November 2025.**

_____
**ANNE T. BERTON**
**UNITED STATES MAGISTRATE JUDGE**